IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BONNIE BURNETTE ERWIN | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv127 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Bonnie Burnette Erwin, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Background

On June 21, 1984, in the United States District Court for the Northern District of Texas, petitioner was indicted on numerous federal criminal charges. Following a trial by jury in the United States District Court for the Northern District of Texas, petitioner was found guilty of numerous federal violations for drug offenses, conspiracy, racketeering, carrying a firearm during the commission of a felony, counterfeit money, income tax evasion, and engaging in a continuing criminal enterprise. Petitioner was sentenced to Life without parole and an aggregate 120-year consecutive term of imprisonment, to be served consecutively to the Life sentence. After his sentencing in federal court, petitioner was returned to state authorities for trial on pending state charges.[1]

On July 3, 1986, the Fifth Circuit Court of Appeals reversed petitioner's conviction on Count I of the Indictment for Conspiracy. Petitioner could not be retried on Count I because it was a lesser included offense of a Continuing Criminal Enterprise. Petitioner was re-sentenced to a Life sentence without the possibility of parole on Count II, with a 105-year aggregate consecutive term of imprisonment on the remaining counts.

---

[1] On August 9, 1984, petitioner was arrested by the Tyler Police Department. Petitioner was charged with Capital Murder and Aggravated Kidnaping. On March 21, 1985, petitioner was found guilty of Capital Murder in state court. Petitioner was sentenced to death. On April 1, 1987, the Texas Court of Criminal Appeals overturned his conviction based on the failure of the trial court to issue a writ of attachment for a defense witness. The State ultimately requested that the Capital Murder case against petitioner be dismissed.

The Petition

Petitioner brings this petition for writ of habeas corpus asserting he is being held on a life sentence without the possibility of parole due to enhancements he received on his federal term for a state court conviction for Capital Murder which was ultimately dismissed on appeal.  Petitioner requests that the court issue an updated Judgment and Commitment Order and Presentence Investigation Report, to have the Bureau of Prisons ("BOP") remove all documents relating to his Conspiracy conviction, and that all of his sentences be adjusted to show he is actually innocent of the state Kidnapping and Murder charges.

Analysis

Petitioner claims that he is being held on a Life sentence without the possibility of parole due to enhancements he received on his federal term for a state court conviction for Capital Murder which was ultimately dismissed on appeal.  Petitioner is not challenging the manner in which his sentence is being executed.  Instead, he attacks the legality of his conviction and sentence.  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Relief under this section is warranted for errors that occurred at trial or sentencing.  *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed.  *Tolliver*, 211 F.3d at 877.  A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion.  *Id.* at 877-78.  However, there is one exception to this general rule.  A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence.  However, as petitioner was convicted

in the United States District Court for the Northern District of Texas, this court lacks jurisdiction to entertain a § 2255 motion.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d  827 (5th Cir. 2001).  A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective.  *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause.  *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).  In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id*. at 904.

Here, none of petitioner's claims amount to a claim that he was convicted of "a nonexistent offense," nor were they foreclosed by circuit law at the time the claims should have been raised, as required by *Reyes-Requena*.  A claim of actual innocence of an enhancement is not a claim of actual innocence of the crime of conviction.  *See Kinder v.  Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Dority v. Roy*, 2010 WL 4558884 (5th Cir. Nov. 8, 2010) (claim of actual innocence of armed career offender enhancement is not sufficient to satisfy savings clause); *Hartfield v. Joslin*, 235 Fed. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career offender enhancement is not sufficient to satisfy savings clause).  Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.  Thus, the petition should be dismissed.  The dismissal should be without prejudice to petitioner's ability to pursue his claims in the court of conviction.

*Continuing Criminal Enterprise*

To the extent petitioner argues that he is innocent of engaging in a Continuing Criminal Enterprise based on the reversal and dismissal of his state conviction, petitioner's claim is without merit.  Assuming, *arguendo*, that petitioner could bring his claim in a § 2241 petition, there exists sufficient evidence supporting the conviction without petitioner's state court conviction.

An offense for engaging in a Continuing Criminal Enterprise under Title 21 U.S.C. § 848 has the following five elements:  (1) a predicate offense violating a specified drug law, (2) as part of a "continuing series" of drug violations, (3) that occurred while the defendant was acting in concert with five or more other people, (4) in relation to whom the defendant occupied the position of an organizer or manager and from which series the defendant (5) obtained substantial income or resources.  *Garrett v. United States*, 471 U.S. 773 (1985); *United States v. Hicks*, 945 F.2d 107, 109, n.1 (5th Cir. 1991).

Here, petitioner was found guilty of committing three counts of Possession with Intent to Distribute Phenmetrazine, satisfying the first element.  Petitioner was head of a large organized drug distribution ring which centered its activities in Tyler, Texas; Dallas, Texas; Los Angeles, California; and Omaha, Nebraska during the period from February, 1980 through August, 1984; thus, the second element is satisfied.  The third element is satisfied because twenty-four co-defendants were also charged with violating drug laws.  Further, evidence showed that petitioner directed and managed the operation of the drug distribution ring, and he oversaw virtually every aspect of the activities of the organization, satisfying the fourth element.  Finally, petitioner obtained substantial income from his drug organization.  Accordingly, there exists sufficient evidence to support a continuing criminal enterprise conviction.

*Privacy Act*

Petitioner also challenges the maintenance of dismissed charges in his file.  However, as the Court of Appeals for the District of Columbia previously found, petitioner's prison records claims are without merit.  *See Erwin v. Federal Bureau of Prisons*, No. 05-5163 (D.C. Cir. Nov. 3, 2005)

4

(unpublished).  Pre-sentence Reports and BOP inmate record systems are exempt from the Privacy Act's amendment provisions.  *Id.*  Further, petitioner's claims are barred by the applicable two-year statute of limitations.  *See* 5 U.S.C. § 552a(g)(5).  Accordingly, the claims should be dismissed.

<u>Conclusion</u>

For the reasons set forth above, petitioner's petition for writ of habeas corpus fails to state a claim upon which relief may be granted.  Accordingly, it is

**ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED**.  A final judgment so providing will be entered by separate order this date.

**SIGNED** this the 19 day of **March, 2012.**


Thad Heartfield
United States District Judge

5